IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

NEHEMIAH HICKS                                                           PLAINTIFF

      v.                                    Civil No.  15-5019

CITY OF SPRINGDALE, ARKANSAS;
DETECTIVE GREGORY, Springdale Police
Department (SPD); OFFICER HAMMONTREE;
DETECTIVE TIM FAUBUS; and SPRINGDALE
MAYOR DOUG SPROUSE                                                       DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis.*

The case is before me for preserve screening under the provisions of the Prison Litigation Reform Act.  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

## I. Background

According to the allegations of the amended complaint (Doc. 7), Plaintiff's former friend, identified as Sontina Campbell, unlawfully took possession of some of his property and money.  Plaintiff states he repeatedly attempted to get the Defendants to protect his property and file criminal charges against Campbell.  Plaintiff alleges that the Defendants refused to do their jobs.

## II. Discussion

Under the Prison Litigation Reform Act (PLRA), the Court is obligated to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of

-1-

it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014)(*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

There is no constitutional right to have law enforcement officials investigate a reported crime.  *See e.g., Sheets v. Mullins*, 287 F.3d 581 (6th Cir. 2002)(no due process or equal protection violation by sheriff's department sergeant in responding to a call reporting domestic violence). "The Due Process Clause of the Fourteenth Amendment does not impose upon the state an affirmative duty to protect its citizens [against illegal private acts], but rather, places limitations on affirmative state action that denies life, liberty, or property without due process of law." *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1065 (6th Cir. 1998)(*citing DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 195 (1989)).

"[F]ederal courts are not entrusted with the responsibility of ensuring the effective enforcement of state criminal laws; that role falls to state and local law enforcement authorities. It is the duty of executive officials–not the courts–to take care that the criminal laws are faithfully

AO72A
(Rev. 8/82)

executed." *Jennings v. City of Stillwater*, 383 F.3d 1199, 1205 (10th Cir. 2004)(*citing* U.S. Const., art. II, § 3; *Morrison v. Olson*, 487 U.S. 654, 690 (1988)).   *See also, Hale v. Vance*, 267 F. Supp. 2d 725, 730 (S.D. Ohio 2003)("Neither the Constitution nor any federal law . . . imposes a duty upon a police detective to investigate criminal activity."); *Slagel v. Shell Oil Refinery*, 811 F. Supp. 378, 382 (C.D. Ill. 1993)(police officer had no constitutional duty to conduct investigation of plaintiff's assault charge), *aff'd* 23 F.3d 410 (7th Cir. 1994).  In short, "the law is clear that a private citizen has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime." *Woods v. Miamisburg City Schools*, 254 F. Supp. 2d 868, 873 (S.D. Ohio 2003)(citations omitted).

Similarly, victims of crime lack any legal right to compel criminal prosecution or to institute criminal prosecution.  *See Diamond v. Charles,* 476 U.S. 54, 64-65 (1986); *Frison v. Zebro*, 339 F.3d 994, 998-1000 (8th Cir. 2003)(rejecting a § 1983 claim based on the violation of a criminal statute); *In re Kaminski,* 960 F.2d 1062, 1064 (D.C. Cir. 1992) (private party lacks judicially cognizable interest in prosecution of another person); *Lopez v. Robinson,* 914 F.2d 486, 494 (4th Cir. 1990); *Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir. 1989).

### III. Conclusion

For the reasons set forth above, I recommend that this case be dismissed as all claims asserted are frivolous or fail to state claims upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)- (iii) (in forma pauperis action may be dismissed on such grounds at any time).  The dismissal of this case will constitute a strike under 28 U.S.C. § 1915(g).  The Clerk should be directed to place a strike flag on the case.

-3-

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 10th day of March 2015.


/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

-4-